**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **WILLIAM J. KAMPWERTH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 16−cv–0934−NJR** |
| | ) | |
| **CRYSTAL UHE,** | ) | |
| **NEIL SCHROEDER, and** | ) | |
| **TIMOTHY DEAN BERKLEY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff William J. Kampwerth, an inmate in Chester Mental Health Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff requests "to make sure this never happens to anybody else" and "restitution." This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening –** The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton*, 209 F.3d 1025, 1026-

27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

## The Complaint

Plaintiff's Complaint is difficult to follow. He alleges that Timothy Dean Berkley, Chrystal Uhe, and Judge Neil Schroeder denied him two quick and speedy trials. (Doc. 1, p. 5). He does not identify the case numbers of these trials. He further alleges that he was found fit to stand trial, and a trial could have been held in January 2016, but was not.[1] (Doc. 1, p. 5). Plaintiff alleges that he has been prejudiced by the delay because the property involved in his crime has been sold. (Doc. 1, p. 5). He alleges that Berkley "ain't going to let my motions go until the capitol." (Doc. 1, p. 5). Plaintiff also alleges that he attempted to file a claim for conspiracy of civil rights, but never heard back. (Doc. 1, p. 5)

Plaintiff has also been filing documents with the Court since filing his Complaint. As with the Complaint itself, it is difficult to determine the effect Plaintiff intends the documents to have. The Court informs Plaintiff that it does not accept piecemeal Complaints, and to the extent that any subsequent filing has attempted to add claims to the Complaint, it fails. Plaintiff must follow the local rules when filing an Amended Complaint; that is, he must file a motion and a

[1] A review of the state court docket shows that Plaintiff has since been found unfit.

proposed amended complaint containing all claims, both old and new, with the new claims underlined to identify them as new. SDIL-LR 15.1. Plaintiff is further informed that when he intends to make a request to the Court, he should use the designation "motion" at the top of his filing.

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into one count:

**Count 1–Defendants violated Plaintiff's Sixth Amendment right to a speedy trial.**

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

Under the *Barker* framework, whether a defendant's right to a speedy trial has been violated depends on four factors: (1) the length of the delay, (2) the reasons for the delay, (3) whether the defendant asserted his right to a speedy trial, and (4) any prejudice the defendant suffered by the delay. *Barker v. Wingo*, 407 U.S. 514, 530 (1972); *see also Doggett v. United States*, 505 U.S. 647, 651 (1992); *Hart v. Mannina*, 798 F.3d 578, 596 (7th Cir. 2015), *reh'g denied* (Oct. 16, 2015).

However, claims under § 1983 challenge the constitutionality of the conditions of prison life; challenges to the fact or length of the incarceration must be brought elsewhere. *Prieser v. Rodriguez*, 411 U.S. 475, 499 (1973); *Lumbert v. Finely*, 735 F.2d 239, 242 (7th Cir. 1984). Specifically, the remedy of habeas corpus is the exclusive remedy for challenges to the length or fact of incarceration. *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). Plaintiff has not requested immediate release here, but the traditional remedy for violation of a defendant's right to a speedy trial is dismissal of the indictment. *United States v. Hassebrock*, 663 F.3d 906, 912 (7th Cir.

2011). Thus, for the Court to grant relief here would necessary call into question the validity of the indictment itself and any intervening conviction, a result specifically barred by *Heck*. 512 U.S. at 486. Plaintiff must first challenge the validity of his confinement through a habeas proceeding before seeking damages under § 1983. "When a plaintiff files a § 1983 action that cannot be resolved without inquiring into the validity of confinement, the court should dismiss the suit" for failure to state a claim upon which relief may be granted rather than convert it into a petition for habeas corpus. *Copus v. City of Edgerton*, 96 F.3d 1038, 1039 (7th Cir. 1996) (citing *Heck*, 512 U.S. 477). If Plaintiff wishes to proceed in an action for damages, he must first litigate this issue in the state courts, thus exhausting his state administrative remedies; then, if those efforts are unsuccessful, he must file a meritorious habeas petition prior to seeking damages in a § 1983 suit.

Plaintiff's claim is further barred because he has chosen to sue the prosecutor, judge, and public defender. Plaintiff's claim against the prosecutor is so vague that it violates Federal Rule of Civil Procedure 8(a)(2), which requires a Plaintiff to provide a "short and plain" statement of the claim showing an entitlement to the relief sought. Plaintiff has done nothing more here than make a conclusory allegation that Uhe violated his right to a speedy trial; he does not state how. From a review of the state court docket, it appears that the trial has been delayed by continuances and competency evaluations, although it is not always clear which party requested them from the docket. But even in the absence of a more a concrete allegation, Uhe is entitled to absolute immunity. Managing litigation by seeking continuances of trial is the type of prototypical function of a criminal prosecutor, and a prosecutor has absolute immunity for such actions. *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Logan v. Laterzo*, 24 F. App'x 579, 581 (7th Cir. 2001); *Buckley v. Fitzsimmons*, 20 F.3d 789, 795 (7th Cir. 1994). Requesting competency

evaluations is also "intimately associated with the judicial phase of the criminal process." *Wolf v. Scobie*, 28 F. App'x 545, 548 (7th Cir. 2002). As Plaintiff has not identified an action that Uhe engaged in to delay the trial that was arguably outside of her duties as a prosecutor, Uhe is entitled to absolute immunity.

Likewise, the judge is also entitled to absolute immunity. Plaintiff's Complaint is similarly vague as to the judge in this case. He does not identify a specific action that the judge took to delay his case. Assuming that Plaintiff is referring to matters like granting continuances and ordering competency evaluations, those functions would fall within Judge Schroeder's official capacity. "A judge has absolute immunity from damages liability for acts performed in his judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978); *Dellenback v. Letsinger*, 889 F.2d 755, 758 (7th Cir. 1989). Immunity applies, even if the judge acted in error or with malice or exceeded his authority. *Stump*, 435 U.S. at 356-57. A judge is entitled to absolute immunity where (1) the acts are within the judge's jurisdiction, and (2) the acts are performed within the judge's official capacity. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *John v. Barron*, 897 F.2d 1387, 1391 (7th Cir. 1990). As Plaintiff's Complaint makes no allegations that Judge Schroeder was acting without jurisdiction or outside of his official capacity, Judge Schroeder is entitled to absolute immunity.

As to Plaintiff's public defender, when a plaintiff brings a § 1983 claim, he must show that there was (1) an action taken under color of law; (2) which violates his federal constitutional rights. *Cunningham v. Southlake Ctr. for Mental Health*, 924 F.2d 106, 107 (7th Cir. 1991). Public defenders do not act under "color of law." *Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981); *Logan*, 24 F. App'x at 581. They cannot be sued under § 1983 unless a plaintiff alleges and ultimately proves that they conspired with state actors. *Tower v. Glover*, 467 U.S. 914, 923-

23; *Logan*, 24 F. App'x at 582. Plaintiff has not made that allegation here. As an alternative ground, because Plaintiff has attempted to name individuals who are immune from suit, Plaintiff's suit will be dismissed with prejudice.

**Pending Motions**

Plaintiff has filed a "Motion to Disqualify Counsel," which appears to be an attempt to break with his public defender in the state court proceedings. The Motion also indicates that Plaintiff sent it to the other parties in this case, as well as the Madison County Courts. The Court informs Plaintiff that it has no jurisdiction to consider matters relevant to his state court proceedings. That Motion (Doc. 9) is denied.

Plaintiff's Motion "for Order" likewise requests no relief that the Court could grant, and in fact, it is not clear what relief Plaintiff seeks in that Motion. As the Court is dismissing this action, that motion (Doc. 12) and Plaintiff's Motion for Recruitment of Counsel (Doc. 3) are **DENIED as moot**.

**Disposition**

**IT IS HEREBY ORDERED** that Plaintiff's Complaint is dismissed with prejudice as barred by *Heck v. Humphrey* and because Plaintiff has attempted to name defendants immune from suit.

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181

F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

**DATED: November 23, 2016**

**NANCY J. ROSENSTENGEL**
**United States District Judge**