IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WILLIAM J. KAMPWERTH,        )
                                 )
        Plaintiff,        )
                                 )
vs.                            )        Case No. 16−cv–0934−NJR
                                 )
CRYSTAL UHE,        )
NEIL SCHROEDER, and        )
TIMOTHY DEAN BERKLEY,        )
                                 )
        Defendants.        )

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff originally field this action pursuant to 42 U.S.C. §1983 on August 22, 2016. (Doc. 1). On November 28, 2016, the Court dismissed the action because Plaintiff was attempting to challenge his state criminal case before it ended, thus running afoul of *Heck v. Humphrey*, and because it appeared that Plaintiff was attempting to name parties immune from suit. (Doc. 18).

Despite the dismissal, Plaintiff has continued to file frivolous documents in this Court. On November 30, 2016, he filed an "emergency petition to make a pleading." (Doc. 20). That document requests that this Court order the court of the State of Illinois to make certain factual findings. (Doc. 20). On December 1, 2016, Plaintiff filed two "Petitions for a pleading." (Docs. 21, 22). Those documents appear to be requests for discovery, which is inappropriate because the case is closed. On December 5, 2016, Plaintiff filed a Motion for Dismissal, which does not appear to request any relief and instead repeats certain factual allegations that Plaintiff made in some of his other filings. (Doc. 23). One week later, on December 12, Plaintiff filed a

Motion for immediate release, requesting release from Chester Mental Health Center. (Doc. 24). Finally, on December 19, 2016, Plaintiff filed a Notice of Appeal, in which he also asked for leave to proceed *in forma pauperis* (IFP). (Doc. 25). Two days later, he filed another Notice of Appeal. (Doc. 29).

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). A plaintiff is "acting in bad faith in the more common legal meaning of the term . . . [when he sues] . . . on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). Further, "an appeal in a frivolous suit cannot be 'in good faith' under § 1915(a)(3), because 'good faith' must be viewed objectively." *Moran v. Sondalle*, 218 F.3d 647, 650 (7th Cir. 2000). *See also Lee*, 209 F.3d at 1026; *Tolefree v. Cudahy*, 49 F.3d 1243, 1244 (7th Cir. 1995) ("[T]he granting of leave to appeal in forma pauperis from the dismissal of a *frivolous* suit is presumptively erroneous and indeed self-contradictory.")

This action was dismissed as barred by *Heck* and because Plaintiff named parties immune from suit under 28 U.S.C. § 1915. Plaintiff has offered no argument indicating why this Court's conclusion was incorrect. Plaintiff's first Notice of Appeal makes reference to a habeas corpus action and *Heck v. Humphrey* and states, "I plan on showing time dates to the best of my ability and all of my proof I have and acquire, lies and all!" (Doc. 25). This statement does not engage the Court's logic in any substantive way. Plaintiff's second (and likely improper) Notice of Appeal states in its entirety:  "The capture a predator girl made the call about 6:30 pm to 9:30 pm Friday April 8, 2016." (Doc. 29). This statement is completely irrelevant to anything that has happened in this litigation to date and articulates no ground for appeal. As Plaintiff has not articulated any plausible ground for relief, the Court declines to grant his request to appeal IFP.

The Court **CERTIFIES** that this appeal is not taken in good faith; accordingly, the motion for leave to proceed *in forma pauperis* on appeal is **DENIED.** Plaintiff shall tender the appellate filing and docketing fee of $505 to the Clerk of Court in this District within 30 days of the date of entry of this order, or he may reapply to the Seventh Circuit Court of Appeals for leave to proceed *in forma pauperis* on appeal.

As to Plaintiff's other Motions, they all must be denied. The Notices of Appeal divested this Court of the authority to consider matters relevant to his appeal, with certain delineated exceptions. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *Kusay v. United States*, 62 F.3d 192, 193 (7th Cir. 1995). This Court has no authority to consider Plaintiff's Motions at this time. To the extent that they contain non-frivolous requests for relief, Plaintiff should re-file his Motions with the Seventh Circuit Court of Appeals.

**IT IS SO ORDERED.**

**DATED:  December 22, 2016**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**